UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WAYNE D. SNYDER,

            Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

**DECISION AND ORDER**

1:18-CV-00600 EAW

## **INTRODUCTION**

Represented by counsel, plaintiff Wayne D. Snyder ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 13; Dkt. 16), and Plaintiff's reply (Dkt. 17). For the reasons discussed below, Plaintiff's motion (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion (Dkt. 16) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on April 23, 2015. (Dkt. 6 at 18).[1] In his applications, Plaintiff alleged disability beginning October 24, 2013, due to spinal cysts, "right wrist fracture residuals," chronic upper back pain, headaches, degenerative disc disease of the lumbar spine, spinal stenosis, depression, and anxiety. (*Id.* at 18, 241). Plaintiff's applications were initially denied on October 8, 2015. (*Id.* at 105-109). At Plaintiff's request, a hearing was held on December 1, 2016, before administrative law judge ("ALJ") Julia D. Gibbs. (*Id.* at 35-63, 121-28). On June 21, 2017, the ALJ issued an unfavorable decision. (*Id.* at 15-34). Plaintiff requested Appeals Council review; his request was denied on April 19, 2018, making the ALJ's determination the Commissioner's final decision. (Id. at 6-9). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2014. (Dkt. 6 at 20). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 24, 2013, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and thoracic spine and spinal cysts. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of scoliosis, history of wrist fracture, headaches, hypothyroidism, tobacco use, and hypercholesterolemia were non-severe. (*Id.* at 21).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). The ALJ particularly considered the requirements of Listings 1.00, 1.02, 1.04, 12.04, and 12.06 in reaching her conclusion. (*Id.* at 21-23).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations:

> Such work is unskilled work. Such work can be performed either sitting or standing, and thus allows an individual to alternate between those positions without stopping work or leaving a work site. Such work does not require working on an assembly line or other fast-paced work. Such work does not require interaction with the general public or more than superficial or occasional interaction with coworkers.

(*Id.* at 23). At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (*Id.* at 29).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of bench work assembler and inspector. (*Id.* at 29-30). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of her decision. (*Id.* at 30-31).

## II. Remand of this Matter for Further Proceedings is Required

Plaintiff asks the Court to reverse the Commissioner's determination, arguing that: (1) the ALJ did not properly evaluate the opinions of treating physicians Dr. Clifford Ameduri and Dr. Kenneth Murray; (2) the ALJ erred in not developing the record; and (3) the ALJ erred by substituting her own medical judgment over that of a physician. (*See* Dkt. 13-1 at 1). For the reasons set forth below, the Court finds that the ALJ's RFC finding was not supported by medical opinion but was instead based on her own lay assessment of the record. Accordingly, the Court finds remand of this matter for further proceedings necessary.

### A. Failure to Rely on Competent Medical Opinion

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [her] decision." *Id.*

However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . . This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (citations omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

In this case, none of the physicians who assessed Plaintiff concluded that he was capable of a range of light work. Consultative examiner Dr. Harbinder Toor, who examined Plaintiff on September 11, 2015, determined that Plaintiff had "moderate to marked" limitations in standing, walking, bending, lifting, and "sitting a long time." (Dkt. 6 at 392); *see, e.g., Blinkovitch v. Comm'r of Soc. Sec.*, No. 15-CV-1196 GTS WBC, 2017 WL 782979, at *5 (N.D.N.Y. Jan. 23, 2017) ("To be sure, a 'moderate' limitation would not necessarily preclude the ability to perform the walking and standing requirements of light work; however, a 'moderate to marked' limitation does not support the determination that Plaintiff can perform the requirements."), *report and recommendation adopted*, 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017); *Rodriguez v. Colvin*, No. 3:14-CV-1552, 2016 WL 1275647, at *8 (N.D.N.Y. Mar. 31, 2016) ("[The physician's] findings, to which the ALJ awards significant weight, do not support the conclusion that [the plaintiff] can perform

light work. Unskilled light work involves 'a good deal of standing' and [the physician's] limitations indicate that [the plaintiff] suffers moderate to marked limitations in his ability to stand."). Plaintiff's treating physician Dr. Ameduri opined on April 7, 2016, that Plaintiff could rarely carry less than ten pounds, and never carry ten pounds or more (Dkt. 6 at 448-49), and "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Finally, treating neurologist Dr. Murray indicated on September 30, 2013, that Plaintiff was capable of "sedentary work only provided he is allowed a 10-minute break every hour to move about." (Dkt. 6 at 366).

Notwithstanding this consensus among the medical opinions of record, the ALJ in this case performed her own assessment of Plaintiff's records to reach the conclusion that Plaintiff was capable of a range of light work. This was error. While "the ALJ's RFC finding does not need to track any single medical opinion," this is a case where "there is no medical opinion at all supporting the ALJ's finding." *Dennis*, 195 F. Supp. 3d at 474. Moreover, the ALJ noted that she had given Dr. Toor's opinion only limited weight specifically because she "[did] not find that the [Plaintiff's] medical records . . . show that he has been unable to perform work within the residual functional capacity adopted here." (*Id.* at 25). In other words, the ALJ acknowledged that her rejection of Dr. Toor's opinion was based solely on her own review and interpretation of Plaintiff's medical records. "As a lay person, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical

findings. . . ." *Fioretti v. Colvin*, No. 1:15-CV-00143(MAT), 2017 WL 4053822, at *6 (W.D.N.Y. Sept. 13, 2017) (quotation omitted).

The Commissioner argues that the ALJ's RFC assessment is supported by a statement by Dr. Murray in July 2013 that Plaintiff was restricted from heavy to moderate physical exertion. (*See* Dkt. 16-1 at 28). However, the Commissioner acknowledges that this statement predated an injury Plaintiff suffered in September 2013, after which Dr. Murray opined that Plaintiff was limited to sedentary work. (*See id.*). It is well-established that a stale medical opinion that "does not account for the claimant's deteriorating condition," *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), is not substantial evidence for an ALJ's RFC assessment. Moreover, the ALJ did not indicate anywhere in her decision that she was relying on Dr. Murray's pre-injury assessment of Plaintiff to conclude that he was capable of light work. Counsel's "after-the-fact explanation" for the RFC assessment "cannot serve as a substitute for the ALJ's findings." *Hayden v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 129, 137 (W.D.N.Y. 2018).

Finally, the Court finds that this is not a case in which Plaintiff's "impairments are relatively simple and mild," such that the ALJ was permitted to "render a common sense judgment about functional capacity even without a physician's assessment." *Sheri S. v. Berryhill*, No. 3:18-CV-192 (DJS), 2019 WL 1429522, at *4 (N.D.N.Y. Mar. 29, 2019). As the ALJ acknowledged in her decision, Plaintiff's condition was sufficiently serious that it was recommended that he undergo back surgery on multiple occasions (*see* Dkt. 6 at 24-25) and, as discussed above, all the physicians who examined or treated Plaintiff determined that he had significant limitations as a result of his impairments. On these facts,

it was not permissible for the ALJ to rely on her own assessment of Plaintiff's medical records in assessing his RFC.

For these reasons, the Court finds that remand of this matter for further proceedings is necessary. On remand, the ALJ must assess the medical opinions of record in accordance with the applicable regulations and determine Plaintiff's RFC based on competent medical opinion.

## B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has raised additional arguments regarding the soundness of the ALJ's conclusions. However, because the Court has already determined that remand of this matter for further proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13 Civ. 06844 (LGS)(DF), 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings. The Commissioner's motion for judgment on the pleadings (Dkt. 16) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 16, 2019
       Rochester, New York