UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WAYNE S.,

                        Plaintiff,                                      **DECISION AND ORDER**

                v.                                                        1:18-cv-00600-EAW

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

## INTRODUCTION

Plaintiff Wayne S. ("Plaintiff") seeks attorneys' fees in the amended total amount of $16,313.98 pursuant to 42 U.S.C. § 406(b).  (Dkt. 22; Dkt. 26).  The Commissioner deferred to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request.  (Dkt. 24).  For the reasons that follow, the Court awards Plaintiff's counsel attorneys' fees in the amount of $16,313.98.

## BACKGROUND

On May 25, 2018, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI").  (Dkt. 1).  Plaintiff moved for judgment on the pleadings on April 19, 2019.  (Dkt. 13).  On December 16, 2019, the Court granted Plaintiff's motion for judgment on the pleadings to the extent that the matter was remanded for further administrative proceedings consistent with the Court's Decision and Order. (Dkt. 19).

By Stipulated Order filed on January 7, 2020, the Court approved payment of $7,500.00 in attorneys' fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action, as well as an award of costs in the amount of $400.00.  (Dkt. 21).

Plaintiff states that the Commissioner issued one partially favorable Notice of Decision and one fully favorable Notice of Decision, with two corresponding Notices of Awards to Plaintiff.  (Dkt. 26-1 at 3 n.1).  The Commissioner partially approved Plaintiff's DIB claim on December 31, 2020.  (Dkt. 26-5 at 4).[1]  Accordingly, the Commissioner issued the first Notice of Award on April 19, 2021 ("First Award Notice"), and stated that Plaintiff was entitled to past-due benefits from April 2014 to November 2016.  (Dkt. 26-6 at 2).  The First Award Notice did not specify the overall amount that the Commissioner awarded to Plaintiff for past-due benefits and indicated that $6,190.00 was withheld for attorneys' fees, representing 25 percent of the amount awarded to Plaintiff.  (*Id.* at 1-2).

Plaintiff appealed the partially favorable Notice of Decision.  (Dkt. 26-1 at 3 n.1).  The Commissioner subsequently issued a fully favorable Notice of Decision on May 4, 2023. (Dkt. 26-5).  The Commissioner issued a Notice of Award on July 11, 2023 ("Second Award Notice"), indicating that Plaintiff's past-due benefits from April 2014 through May 2023 were $65,255.90.  (Dkt. 26-7 at 2).  The Commissioner withheld 25 percent of the past-due benefits, or $16,313.98, for Plaintiff's attorneys' fees.  (*Id.*).

---

[1]      Plaintiff's counsel incorrectly states in his affirmation that the partially favorable DIB decision was issued in 2019.  (Dkt. 26-1 at 3 n.1).

On July 18, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking a total of $22,503.98 in attorneys' fees.  (Dkt. 22).  Plaintiff's counsel stated that he previously received $6,190.00 from the First Award Notice, and so he sought payment of $16,313.98 for the Second Award Notice, bringing the total award amount to $22,503.98.  (Dkt. 22-1 at ¶¶ 17-18).  The Commissioner filed a response on July 25, 2023.  (Dkt. 24).

The Court directed that Plaintiff submit supplemental briefing on the fee request and explain why the amount of the fee requested in the motion was not based on a partial double count of the past-due benefits awarded to Plaintiff through the two Notices of Award.  (Dkt. 25).  Plaintiff filed an amended motion for attorneys' fees of $16,313.98 on October 30, 2023.  (Dkt. 26).  Plaintiff's counsel indicates that "after a thorough review," counsel concluded that he did not receive a decision on the fee request for $6,190.00 from the Administrative Law Judge in 2021, nor was he paid that fee.  (Dkt. 26-1 at ¶¶ 6-7).

In his amended motion, Plaintiff's counsel indicates that he was awarded the sum of $7,500.00 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved.  (*Id.* at ¶¶ 21-22).

## DISCUSSION

### I.   Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(1).  Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award.  *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir.

2019).   Additionally, a presumption applies that a notice is received "three days after mailing."   *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award that is the subject of the pending fee request, on July 11, 2023.  (Dkt. 26-7).  Plaintiff's counsel filed his application seven days later on July 18, 2023 (Dkt. 22), and timely responded to the Court's request for supplemental briefing (Dkt. 26).  Accordingly, Plaintiff's application is timely.

## II.    <u>The Reasonableness of the Requested Fee</u>

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff seeks $16,313.98 in attorneys' fees that is represented to be 25 percent of the past-due benefits.[2] (Dkt. 26-1 at ¶¶ 2, 16). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by a denial and a partially favorable decision of his applications before Plaintiff won a fully favorable decision. Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $429.32 ($16,313.98 divided by 38.0 hours).[3] (Dkt. 26-8). The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $300.00 per hour (Dkt. 26-1 at ¶ 24), counsel's successful representation achieved the grant of Plaintiff's motion for judgment on the pleadings and a remand that ultimately resulted in

---

[2]     According to Plaintiff's counsel, the Commissioner approved and paid counsel $3,383.75 on March 28, 2021, in attorneys' fees, after withholding $98.00 for the user fee. (Dkt. 26-1 at ¶¶ 6, 8). Attorneys' fees previously paid to Plaintiff's counsel at the administrative level under 42 U.S.C. § 406(a) are not factored into the Court's analysis of whether the requested fee is within the statutory limit under § 406(b). *See Culbertson v. Berryhill*, 586 U.S. ____, 139 S. Ct. 517, 522-24 (2019).

[3]     Plaintiff states that counsel spent 38.1 hours on this case. (Dkt. 26-1 at ¶ 17). Plaintiff submitted counsel's itemized timesheet, and the total hours listed were 38.0 (Dkt. 26-8), which is the figure that the Court will use in calculating the hourly rate.

Plaintiff's receipt of a fully favorable decision and past-due benefits.  (Dkt. 19; Dkt. 26-5). The effective hourly rate of $429.32 falls well within the range of rates under § 406(b) approved by courts.  *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Yamile B. S. v. Comm'r of Soc. Sec. Admin*., No. 3:19CV00155(SALM), 2022 WL 1115099, at *3 (D. Conn. Apr. 14, 2022) (approved an hourly rate of $495.86, which was significantly lower than § 406(b) fee awards that have been approved in the Second Circuit); *BillyJo M. v. Comm'r of Soc. Sec*., 568 F. Supp. 3d 309, 312 (W.D.N.Y. 2021) (approving hourly rate of $560.74 per hour); *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75).

Having considered the required factors, the Court finds that counsel's effective hourly rate of $429.32 is reasonable and in line with awards generally approved in this District for similar work performed.  The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'"  *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371).   Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)."  *Id*. (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $7,500.00 to Plaintiff.  (Dkt. 21).  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion, as amended, for attorneys' fees under § 406(b) (Dkt. 22; Dkt. 26), and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $16,313.98; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $7,500.00 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     November 21, 2023
           Rochester, New York